UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                     No.  13 Cr. 986 (LTS)

CHARLES BONNER,

        Defendant.

--------------------------------------------------------x

## ORDER

By notice of motion and memorandum of law filed on April 9, 2014, Defendant Charles Bonner seeks to reopen his application for pre-trial release.  An earlier application was the subject of a January 10, 2014, hearing, and was denied.

After a detention order has been entered, a district court may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2); United States v. Bobbitt, 09-CR-331A, 2013 WL 3049167 (W.D.N.Y. June 17, 2013).

Mr. Bonner's renewed motion makes substantially the same arguments regarding community ties, family support and the strength of the Government's evidence, that were advanced in the January application.  The proposed conditions differ only in that home detention with electronic monitoring is no longer proposed; rather, additional friends and family in the Philadelphia area are proposed as co-signers and potential providers of housing and personal suasion.

The Court is impressed by the outpouring of family and community support for Mr.

Bonner, who provided important assistance and support to mentally and physically challenged family members in the time period between his most recent release from state custody and his arrest in connection with the pending federal charges.  However, these personal references do not constitute information that was unknown to the movant at the time of the detention hearing.  See United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991) (Affirming district court's decision that testimony of friends and relatives as to the character of defendant was not cause to reopen the detention hearing).

   Furthermore, the newly proffered conditions are insufficient to overcome the Government's clear and convincing showing of danger to the community and strong evidence of risk of flight in this presumption case.  Mr. Bonner is protected by the presumption of innocence of the criminal charges.  The Court must, however, consider the safety of the public and risk of flight in determining whether the presumption of a need for detention has been overcome, and considers the strength and specifics of the Government's evidentiary proffers in that regard.  The Government proffers, among other things, that it has recordings of Mr. Bonner discussing killing victims of the proposed robbery for additional money; he was arrested in this case when he arrived on the scene of the proposed robbery in a convoy that included members carrying weapons, zip ties, and other equipment for the perpetration of a violent crime.  This occurred during a time period in which he was living with and taking care of family members.  Those family obligations and connections appear not to have deterred him from engaging in the alleged plan to commit dangerous conduct and the defendant's expanded proffers regarding such obligations, connections and community support are insufficient to persuade the Court that such ties would deter him from dangerous activity pending trial.  Moreover, Mr. Bonner, if convicted, faces a 15-year mandatory minimum sentence in light of the drug and weapons charges against him; with the filing of a prior felony information this minimum would increase to 25 years.  Such sentencing exposure creates a strong incentive to flee.

   For these reasons, and for the reasons articulated by the Court on the record of the

January 10, 2014, proceeding, in the Order of Detention entered on January 10, 2014, and in the Government's letter in opposition to the instant renewed application, Mr. Bonner's application for release on bail conditions is denied.  The request for a bail hearing is denied.

This Order resolves docket entry no. 37.

SO ORDERED.

Dated: New York, New York
April 14, 2014

  /S/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge